

FILED
NOV 04 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| YONGKANG JIEBAO INDUSTRIAL & TRADE CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL GAYETSKY, CORE HOME FITNESS, L.L.C., AND BRUNO INTELLECTUAL RESERVE LLC, <br><br> Defendants. | Case No.: 4:24-CV01924 <br><br> Jury Trial Demanded <br><br> JUDGE PEARSON |

$465.00 Received 11/4/24. Receipt #154938. AC

## COMPLAINT

Yongkang Jiebao Industrial & Trade Co., Ltd., plaintiff herein, alleges:

### NATURE OF THE ACTION

1. Plaintiff brings this action to address Defendants' attempted market monopoly of weightlifting products, using the U.S. Patent No. 7,614,983 B1, which Defendants knew does not cover Plaintiff's accused products. Plaintiff seeks (A) damages against Defendants for misusing the '983 Patent and (B) a declaratory judgment that Plaintiff does not infringe the '983 Patent.

### PARTIES

2. Plaintiff is a designer and manufacturer of a wide range of consumer products, such as weightlifting products, scooters, skateboards, and electrical bicycles.

3. Defendant Michael Gayetsky is an individual residing in Youngstown, Ohio. After studied some accounting, Defendant Gayetsky began holding himself out as a

weightlifting product manufacturing and sales executive, in addition to an intellectual property enforcement professional. Defendant Gayetsky's place of employment is located at 8401 Southern Blvd., Youngstown, OH 44512.

4. Defendant Core Home Fitness, L.L.C. is a limited liability company existing under the laws of the state of Nevada and has a principal place of business at 8401 Southern Blvd., Youngstown, OH 44512.

5. Defendant Core Home Fitness, L.L.C. does not manufacture any products in the United States but merely sells the China-made products at exorbitant prices on Amazon. In fact, Defendant Core Home Fitness, L.L.C. buys all its products from a Vancouver, Washinton company called Core Health & Fitness, LLC—which in turn imports all its products from Xiamen City, Fujian Province, China.

6. Defendant Bruno Intellectual Reserve LLC is a limited liability company existing under the laws of the state of Nevada and has a principal place of business at 8401 Southern Blvd., Youngstown, OH 44512.

7. Defendant Bruno Intellectual Reserve LLC is a Non-Practicing Entity that does not make, manufacture, use, offer for sale, sell, and/or import of products in connection with the '983 Patent. Plaintiff has been unable to locate a website for Defendant Bruno Intellectual Reserve LLC and there is limited information online as to its business activities. One website located by Plaintiffs contains the following statement:

> "Bruno Intellectual Reserve LLC is a company based in Youngstown, OH that specializes in providing intellectual property services to individuals and

businesses. With a focus on innovation and protection of ideas, the company offers a range of services including patent filing, trademark registration, and intellectual property consulting." [1]

## JURISDICITON

8. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the patent laws of the United States, Title 35 of the United States Code.

9. Diversity jurisdiction also applies to this action. Complete diversity exists between Plaintiff and Defendants.

10. Plaintiff is a limited company formed under the law of the People's Republic of China and has its sole principal place of business in China.

11. Defendant Michael Gayetsky is a citizen of the State of Ohio, because he resides in the State of Ohio and is a U.S. citizen.

12. Defendant Core Home Fitness, L.L.C. is a citizen of the State of Ohio. Defendant Gayetsky being its sole member, Defendant Core Home Fitness, L.L.C. has the same citizenship as that of Defendant Gayetsky.

13. Defendant Bruno Intellectual Reserve LLC is a citizen of the State of Ohio. Defendant Gayetsky being its sole member, Defendant Bruno Intellectual Reserve LLC has the same citizenship as that of Defendant Gayetsky.

14. Damages Plaintiff seeks against each defendant is at least $75,000. Because each defendant caused Plaintiff at least $75,000 in lost profit.

---

[1] *See* https://www.mapquest.com/us/ohio/bruno-intellectual-reserve-llc-420426552.

15. This Court thus has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1338(a), and 2201(a).

16. This Court also has personal jurisdiction over Defendants. Among other things Defendants currently reside in this District. Defendants have also taken steps, in this District, to assert the '983 Patent against Plaintiff.

17. The state law cause of action Plaintiff stated is sufficiently intertwined with the facts alleged in the federal claims for relief to confer supplemental jurisdiction upon this Court pursuant to 28 U.S.C. § 1367.

18. An immediate, real, and justiciable controversy exists between Plaintiff and Defendants as to whether Plaintiff is infringing or has infringed the '983 Patent. Because this action presents an actual controversy with respect to the enforceability and the noninfringement of '983 Patent, the Court may grant the declaratory relief sought pursuant to 28 U.S.C. § 2201 et seq.

## VENUE

19. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants reside in this District (Youngstown, Ohio), because a substantial part of the events giving rise to the claims at issue occurred in this District, and because Defendants are subject to personal jurisdiction within this District.

## BACKGROUND

20. The '983 Patent bears the title "Apparatus for Adjusting Weight Resistance to Exercise" and states that it was issued on November 10, 2009. The '983 Patent identified Mark A. Krull as the inventor.

21. The United States Patent and Trademark Office Assignment Database contains a record of an assignment of the '983 Patent from Mark A. Krull to Defendant Core Health & Fitness, LLC executed September 6, 2013, and recorded September 10, 2013 at Reel/Frame 031177/0834, from Defendant Core Health & Fitness, LLC to Defendant Bruno Intellectual Reserve LLC executed July 30, 2020, and recorded July 30, 2020 at Reel/Frame 053358/0378. 14. The '983 Patent was issued with 11 claims. Claims 1, 9, and 11 are all independent claims.

## THE ADJUSTABLE DUMBBELLS

22. Plaintiff specializes in the research, design, development, manufacturing, and distribution of weightlifting products, including adjustable dumbbells. Plaintiff has earned a significant reputation and customer recognition.

23. The Amazon marketplace constitutes the Plaintiffs' primary sales channel in the United States. Plaintiff's adjustable dumbbells are known for their outstanding quality and dependability at an affordable price.

24. An example pair of adjustable dumbbells Plaintiff designed and manufactured is shown below. This example pair of adjustable dumbbells along with those identified in Table 1 have been accused by Defendants as infringing the '983 Patent (the "Accused Products").

///

///

///



*The Accused Products*



*The Accused Products' Weight Selecting Devices – assembled view*



*The Accused Products' Weight Selecting Devices – disassembled view*



*The Accused Products' Weights*

## DEFENDANT'S ABUSE OF AMAZON'S PATENT INFRINGEMENT REPORTING SYSTEM

25. Defendants, acting together, have abused Amazon's patent infringement reporting system by filing blanket patent infringement complaints against any adjustable dumbbell products available for sales on Amazon.

26. For example, Defendants purposefully and willfully leveraged the Amazon Patent Evaluation Xpress ("APEX") process and unjustly and frivolously initiated patent infringement complaints concerning unrelated products. Defendant's actions constitute an abuse of the APEX process. Indeed, despite the resolution provided through APEX proceedings, Defendant has wrongfully extended the result obtained from one single unrelated APEX to initiate infringement complaints on other product listings, including Plaintiff's Accused Products here that were not addressed in or related to the initial APEX evaluation.

27. Defendant has improperly piggybacked on the outcome of a single unrelated APEX resolution—based solely on the limited standard of whether the patent owner is "likely to prove" that the accused products infringe the asserted claim—to unjustifiably target and remove Plaintiffs' Accused Products, most of which were not included in the initial APEX process. This unreasonable action by Defendants was taken without initiating any formal arbitration or legal proceedings to substantiate these ungrounded allegations.

28. By filing these baseless Amazon Infringement Complaints, Defendants have circumvented the purpose and binding resolution of the APEX process, effectively and purposefully disregarding the finality of the APEX evaluation and misrepresenting its outcome to Amazon.com to achieve unjust ends. Such inequitable conduct also operates to bypass established federal patent litigation processes, undermining both the APEX mechanism and the jurisdiction of federal courts in adjudicating patent infringement claims.

29. Defendants inequitable conduct in leveraging the APEX process to circumvent formal processes harmed Plaintiff. In addition to the direct detrimental impact on monetary losses, the delisting of Plaintiff's Accused Products immediately results in a loss of sales, market share, product reviews, and product ratings, which are all crucial metrics in ranking an Amazon seller's performance. Amazon ranking is also essential for product visibility among consumer search results and for garnering the "Amazon Choice" Badge or "Amazon Bestseller" designations, symbolizing acceptance from the general consumer base.

## DEFENDANTS' FALSE PATENT INFRINGEMETN COMPLAINTS AGAINST PLAINTIFF'S PRODUCTS

30. In or about August 2024, Defendants, acting together, complained, numerous times, to Amazon against at least 12 of Plaintiff's customers, who are sellers of the Accused Products on Amazon.com. Defendant Gayetsky made these Amazon complaints, while acting on behalf of Defendants Core Home Fitness, L.L.C and Bruno Intellectual Reserve LLC. As part of Defendants' avalanche of patent infringement complaints, Defendant Core Home Fitness, L.L.C. falsely claimed that it was the owner of the '983 Patent.

31. Plaintiff was the manufacturer of the products identified in Defendants' patent infringement complaints, and the products are identified by at least the following Amazon Standard Identification Numbers (ASINs):

| No. | ASINs Defendants Complained Against |
|---|---|
| 1 | B0CGZK9MVK |
| 2 | B0C2KLTDTX |
| 3 | B0DH2VWDWH |
| 4 | B0DH47SG3C |
| 5 | B0DH2W1SJY |
| 6 | B0BGGN9S28 |
| 7 | B0BF4RF811 |
| 8 | B0BFB3T7FT |
| 9 | B0DDB99X4V |
| 10 | B0D7BXPDKZ |
| 11 | B0C19Y5RTC |
| 12 | B0C5R9FWS5 |
| 13 | B0D1QB499H |

| 14 | B0D2X3LCDV |
| --- | --- |
| 15 | B0D2XDJ3B8 |
| 16 | B0DHFT9NPM |
| 17 | B0D5H66PZJ |
| 18 | B0D5GSDCGX |
| 19 | B0DFXP1BD5 |
| 20 | B0CQ23ZCB7 |
| 21 | B09HBCDTT7 |
| 22 | B09V7LPRQS |
| 23 | B09HBP8L9Q |
| 24 | B0D2WZRHW7 |
| 25 | B09TP8RN9R |
| 26 | B0D2WZBF7G |
| 27 | B0CM5YRX1R |
| 28 | B0CJFCJJYS |
| 29 | B09N35YS2J |
| 30 | B0CLL3CHV3 |
| 31 | B0B3J6W77F |
| 32 | B0B3J6DCY1 |
| 32 | B0CN34K4YY |
| 34 | B0BGXJX1P3 |
| 35 | B0BFDTTVCX |
| 36 | B0DHR97B3Y |
| 37 | 16004227241 |

*Table 1*

32. Plaintiff and its customers listed these products on Amazon.com for distribution to consumers located within the United States.

33. Before Defendants filed their avalanche of patent infringement complaints

against Plaintiff's Accused Products (as identified in Table 1), Plaintiff had earned a substantial number of customers located within the United States. Plaintiff has now lost these U.S. customers.

34. Caused by Defendants complaint against Plaintiff's Accused Products (as identified in Table 1), Amazon removed Plaintiff's Accused Products and refused to relist Plaintiff's Accused Products.

35. Plaintiff has lost a significant amount of sales revenues as a result of Defendants false patent infringement claims against Plaintiff with Amazon.com.

36. When Plaintiff's inquired with Defendants about their patent infringement complaints, Defendant Bruno Intellectual Reserve LLC. claimed that it was an owner of the '983 Patent and insisted that Plaintiff's Accused Products infringe the '983 Patent.

37. Defendants insisted that they would continue to enforce the '983 Patent against Plaintiff's Accused Products, that Plaintiff must pay them a fee of $80,000 to have the above-identified ASINs restored but solely for a sell-off, and that neither Plaintiff nor any of its customers could sell Plaintiff's Accused Products after the sell-off.

38. Defendants have since maintained and continue to maintain their patent infringement complaints with Amazon against Plaintiff's Accused Products identified in Table 1.

39. To investigate whether Plaintiff's Accused Products in fact infringe the '983 Patent, Plaintiff hired a patent attorney registered with the United States Patent and Trademark office. The registered patent attorney scrutinized the Plaintiff's Accused

Products against the '983 Patent and determined that Plaintiff's Accused Products do not infringe the '983 Patent and that the '983 Patent may be invalid and unenforceable unto incorrect statements its previously owner made to the Patent Office. The registered patent attorney summarized his findings in a patent invalidity and non-infringement opinion in September 2024.

40. Plaintiff immediately presented this patent invalidity and non-infringement opinion to Defendants and urged them to review the opinion and communicate with Plaintiff about a potential resolution. Defendants never respond.

41. Instead, Defendants demanded the $80,000 fee and the sell-off. Defendants further indicated that they may take further legal actions against Plaintiff by filing a patent infringement lawsuit against Plaintiff or its sub-distributors, who are Amazon sellers.

42. Plaintiff believes Defendants are unpersuaded not because they do not under the patent invalidity and non-infringement opinion but solely to use the '983 Patent to stifle competition. Because Defendant Core Home Fitness, L.L.C. also sells dumbbells inferior to Plaintiff's Accused Products — but at a higher price.

43. Thus, an immediate, real, and justiciable controversy exists between Plaintiff and Defendants as to whether Plaintiff is infringing or has infringed the '983 Patent.

44. Because this action presents an actual controversy with respect to the enforceability, the noninfringement, and the invalidity of '983 Patent, the Court may

grant the declaratory relief sought pursuant to 28 U.S.C. § 2201 et seq.

## FIRST CAUSE OF ACTION

### *(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '983 PATENT)*

*Plaintiff vs. All Defendants*

45. Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

46. Defendants have alleged and continue to allege that Plaintiff infringes the '983 Patent. The Court should enter a judgment declaring that Plaintiff does not infringe the '983 Patent.

47. Claim 1 of the '983 Patent recites:

| Limitations | Claim Language |
|---|---|
| [P] | An exercise apparatus, comprising: |
| [a] | a liftable member having at least one weight supporting section; |
| [b] | weights sized and configured to be supported by the at least one weight supporting section; |
| [c] | **a weight selector** rotatably mounted on the liftable member for **rotation about an axis extending lengthwise between adjacent said weights,** |
| [d] | wherein the weight selector is configured for rotation through a cavity defined between adjacent said weights. |

48. Claim 9 of the '983 Patent recites:

| Limitations | Claim Language |
|---|---|
| [P] | An exercise apparatus, comprising: |
| [a] | a weight lifting member having at least one weight supporting section; |
| [b] | weights sized and configured to be supported by the at least one |

|   | weight supporting section, |
|---|---|
| [c] | **wherein notches in the weights cooperate to define a cavity having** upwardly open sectors and **upwardly closed sectors;** and |
| [d] | **a weight selector** rotatably mounted on the weight lifting member **for rotation inside the cavity,** |
| [e] | wherein **the weight selector** defines a rotational axis, and **includes a plate having a generally semi-circular shape** when viewed axially. |

49. Claim 11 of the '983 Patent recites:

| Limitations | Claim Language |
|---|---|
| [P] | An exercise apparatus, comprising: |
| [a] | a weight lifting member having at least one weight supporting section; |
| [b] | weights sized and configured to be supported by the at least one weight supporting section, |
| [c] | **wherein notches in the weights cooperate to define a cavity having** upwardly open sectors and **upwardly closed sectors;** and |
| [d] | **a weight selector** rotatably mounted on the weight lifting member **for rotation inside the cavity,** |
| [e] | wherein **the weight selector** defines a rotational axis, and **includes a plate having a generally semi-circular shape** when viewed axially. |

50. Plaintiff has not infringed and does not infringe any valid and/or enforceable claim of the '983 Patent, directly or indirectly, literally or under the doctrine of equivalents, through the manufacture, use, sale, and/or offer for sale of Plaintiff's Accused Products.

51. For example, Plaintiff's Accused Products do not satisfy at least limitations

1[c] of the '983 Patent's claim 1. For a second example, Plaintiff's Accused Products do not satisfy at least limitations 9[c], 9[d], and 9[e] of the '983 Patent's claim 9. For a second example, Plaintiff's Accused Products do not satisfy at least limitations 11[c], 11[d], and 11[e] of the '983 Patent's claim 11.

52. Further, Plaintiff's Accused Products do not infringe (A) claims 2-8 of the '983 Patent, due to their dependency from claim 1, and (B) claim 10 of the '983 Patent, due to its dependency from claim 9.

53. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

54. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding the '983 Patent.

55. Plaintiff is entitled to a judicial declaration that it has not infringed and does not infringe the '983 Patent.

## SECOND CAUSE OF ACTION
### (TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP)
*Plaintiff vs. All Defendants*

56. Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

57. In the State of Ohio, the elements of tortious interference with a business relationship are: (1) a business relationship; (2) the wrongdoer's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4)

damages resulting therefrom. This tort includes intentional interference with prospective contractual relations not yet reduced to contract. *Westfall Auto Sales, LLC v. Zurich Am. Ins. Co.* (6th Cir. Nov. 15, 2021, No. 21-3126) 2021 U.S. App. LEXIS 34150.

58. Plaintiff and one or more of its customers (e.g., buyers and sellers of Plaintiff's Accused Product listed on Amazon.com) were in an economic relationship that probably would have resulted, and in fact did result, in an economic benefit to Plaintiff.

59. Defendants knew of the relationship among Plaintiff and its one or more of customers (e.g., buyers and sellers of Plaintiff's Accused Product listed on Amazon.com).

60. Defendants engaged in at least the follow wrongful conduct:

   a. Defendants misrepresented the coverage of the '983 Patent and used these misrepresentations to illegally stifle competition from Plaintiff and its more technologically advanced products, e.g., falsely reporting Plaintiff's Accused Products as infringing the '983 Patent, while Defendants knew or should have known that Plaintiff's accused product does not infringe the '983 Patent.

61. By engaging in this wrongful conduct, Defendants intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur, because Defendants knew that asserting a false patent infringement complaint against Plaintiff with Amazon would result in Plaintiff's Accused Products becoming unavailable to Plaintiff's one or more customers.

62. Defendants indeed made a false patent infringement against Plaintiff with

Amazon and the relationship between Plaintiff and its one or more customers was indeed disrupted.

63. Plaintiff was harmed, and Defendants' conduct described in this complaint was a substantial factor in causing Plaintiff's harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. general damages in an amount according to proof;

b. a judgment declaring that Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '983 Patent;

c. a court declaration that this case is exceptional under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, costs, and expenses incurred in this action; and

d. all further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand trial by jury in this action of all issues so triable.

///

///

///

///

///

Date: October 31, 2024          Respectfully submitted,

_____
Zheng Liu
*Pro Hac Vice Application Filed Concurrently*
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Telephone: (650) 475-6289
Facsimile: (510) 987-8411
Email: Andy.Liu@AptumLaw.us
California Bar Registration Number 279327

*Counsel for Plaintiff*
*Yongkang Jiebao Industrial & Trade Co. Ltd.*